826 P.2d 1320

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Dwayne N. BANKS, Defendant–Appellant,**

**No. 18767.**

Supreme Court of Idaho, Boise January 1992 Term.

March 4, 1992.

Van G. Bishop, Nampa, for defendant-appellant.

Larry EchoHawk, Atty. Gen., and Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent. Myrna A.I. Stahman argued.

BISTLINE, Justice.

Dwayne Banks appeals from the district court's denial of his I.C.R. 35 motion. Banks contends the district court did not properly credit him for time served on his sentence. We hold that Banks is entitled to credit for all time served prior to being placed on probation, but is not entitled to the time served after being placed on probation which was imposed as a condition of probation. Accordingly, we reverse in part, affirm in part and remand with directions.

**I**

Banks was convicted of statutory rape and sentenced to an indeterminate five year sentence with the sentence suspended. He was then placed on probation. One of the conditions of probation was that he serve nine months in jail. Credit for the 239 days he spent in jail prior to sentencing was applied against the nine month term. Banks served the thirty-four days remaining on the nine month term before he was released on probation.

Later, the prosecutor filed a petition for probation violation and a warrant was issued. In October of 1989, Banks was arrested on the warrant. Banks pleaded guilty to violating the conditions of his probation, admitting he had moved without notifying his probation officer. Accordingly, the court revoked Banks' probation and ordered he be committed to the Department of Corrections, but it did not give Banks credit for any of the nine months of jail time against the prison term.

Banks later filed two *pro se* motions. The first was a "Motion for Jail Credits and Time Served." The second was a I.C.R. 35 "Motion for Correction of Sentence." Banks argued he should receive credit for the entire 273 days (239 pre-sentence and thirty-four post-sentence) he served in jail prior to being released on probation.

The district court denied the Rule 35 motion stating only that, "the Court is of the opinion that the petitioner is not entitled to credit on his sentence for time served as a special condition of probation."

## II

The issue raised on appeal is whether Banks should receive credit for the entire nine months against the sentence executed after Bank's probation was revoked. Both parties focus their arguments around I.C. § 18–309. That statute provides that:

**Computation of term of imprisonment.**—In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit for any period of incarceration prior to the entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. The remainder of the term commences upon the pronouncement of sentence and if thereafter, during the term, the defendant by any legal means is temporarily released from such imprisonment and subsequently returned thereto, the time during which he was at large must not be computed as part of such term.

Banks argues that I.C. § 18–309 entitles him to credit because the statute requires that credit be given for any period of incarceration prior to entry of judgment if that incarceration was for the offense for which the judgment was entered. Banks contends the judgment was entered on December 8, 1989, when his probation was revoked. According to Banks, all of the time he served in jail before probation was revoked should be credited against his sentence.

The State argues that the judgment was entered at the time Banks was originally placed on probation and contends that the jail time served as a condition of probation is not credited against a sentence that is subsequently ordered into execution. In support of its argument the State cites to *State v. Sutton*, 113 Idaho 832, 748 P.2d 416 (Ct.App.1987).

That case, however, is distinguishable. All that *Sutton* holds is that a defendant is not entitled to credit for time served while on probation if s/he is not incarcerated, but at liberty. That is obviously not the case here. However, we do agree with the State that the judgment was entered in this case at the time probation was ordered. *State v. Ditmars*, 98 Idaho 472, 474, 567 P.2d 17, 19 (1977), *cert. denied*, 434 U.S. 1088, 98 S.Ct. 1284, 55 L.Ed.2d 793 (1978).

In *Ditmars*, the appellant was sentenced to a maximum of five years, but the court retained jurisdiction over his case for 120 days pursuant to I.C. § 19–2601(4). At the end of the 120 days, the court decided to relinquish jurisdiction and did so without a hearing. On appeal, Ditmars argued that he had a right to be present at the time jurisdiction was relinquished under I.C.R. 43, which provides the right to be present at the imposition of sentence. We disagreed with that argument, noting that the sentence was imposed when Ditmars was sentenced to the five year term. By retaining jurisdiction for 120 days, the court merely suspended the execution of the sentence. Likewise, in this case, the sentence was imposed at the same time Banks was granted probation. Placing Banks on probation merely suspended the execution of the sentence. *Ditmars*, 98 Idaho at 474, 567 P.2d at 19.

Because we conclude that judgment was entered at the time probation was ordered, part of the question before us is easily resolved. This Court held in *Law v. Rasmussen*, 104 Idaho 455, 457, 660 P.2d 67, 69 (1983), that "I.C. § 18–309 requires the sentencing judge to give credit for presentence incarceration ... whether or not the person is granted probation. There is always the chance that probation will be

revoked ... and the original sentence of imprisonment be reimposed." Thus, under the rule in *Rasmussen,* we hold that Banks is entitled to credit for all time served prior to being placed on probation.

*Rasmussen* does not address whether Banks should receive credit for the thirty-four days he spent in jail after probation was imposed in order to complete the nine months jail term. We hold that the time Banks spent in jail, after the imposition of sentence, was a condition of probation not required to be credited against the sentence. Under I.C. § 19–2601(2), a court may place a defendant on probation subject to "such terms and conditions as it deems necessary and expedient."[1] This Court has previously approved as a term of probation that the defendant waive his right to be free from unreasonable searches and seizures. *State v. Gawron,* 112 Idaho 841, 843, 736 P.2d 1295, 1927 (1987). Here, Banks agreed to serve nine months in jail, with credit for the eight months he had served pre-trial, in order to receive probation. As in *Gawron,* Banks waived a right in exchange for being placed on probation. Accordingly, he is not entitled to credit for the time he voluntarily surrendered to gain probation.

### III

We reverse that portion of the district court's order which deprived Banks of credit for his 239 days of pre-sentence detention, but affirm that part of the order which denied credit for the thirty-four day remainder of the nine months served. This cause is remanded for further proceedings in the district court consistent with this opinion.

BAKES, C.J., and JOHNSON, BOYLE and McDEVITT, JJ., concur.

---

[1]. A defendant may decline the probation terms which the court offers. Banks chose to elect probation.