954 P.2d 1075

**STATE of Idaho, Plaintiff–Respondent,**

v.

**David Scott LIVELY, Defendant–Appellant,**

No. 24062.

Court of Appeals of Idaho.

April 1, 1998.

Alan E. Trimming, Ada County Public Defender, Steven A. Botimer, Deputy Public Defender, Boise, for defendant-appellant.

Alan G. Lance, Attorney General, Myrna A.I. Stahman, Deputy Attorney General, Boise, for plaintiff-respondent.

LANSING, Chief Judge.

David Scott Lively was convicted of grand theft, I.C. § 18–2403(1), –2407(b)(4), in April 1993. The district court imposed a unified ten-year sentence composed of a two-year minimum term of confinement followed by an eight-year indeterminate term. The court also retained jurisdiction for 180 days and, at the end of that period, placed Lively on probation. During the next four years, Lively violated probation three times. On the first occasion, the court reinstated probation on the condition that Lively serve sixty days in jail and complete thirty days in the jail's in-patient drug and alcohol program.

Upon the next violation, the court again reinstated probation but ordered, as a condition, that Lively serve ninety days in jail. After Lively admitted a third probation violation, the court revoked probation and ordered that Lively be incarcerated, but the court reduced the indeterminate term of the sentence from eight years to three years.

Lively thereafter filed a *pro se* Rule 35 motion for correction of his sentence in which he alleged that he was entitled to credit on his sentence for additional time served prior to the revocation of his probation. By his motion, Lively sought credit for the two periods of jail confinement that were served as conditions to gain reinstatement of his probation following the first two violations. In addition, Lively's motion alleged that he was incarcerated on several occasions in 1994 and 1995 while awaiting disposition of probation violation charges and that these periods of incarceration should be applied against his sentence. The district court conducted a hearing on Lively's motion and thereafter issued an order of denial. Lively now appeals.

The right to credit for time served in jail prior to judgment is governed by I.C. § 18–309, which provides in part: "In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit for any period of incarceration prior to the entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered." This statute does not directly address the question of credit for time served *after* an entry of judgment for defendants, who, like Lively, have been placed on probation but ultimately have had their probation revoked. The Idaho Supreme Court has determined, however, that a defendant is not entitled to credit for time served after the commencement of probation if the incarceration was imposed as a condition of probation. *State v. Banks*, 121 Idaho 608, 826 P.2d 1320 (1992). The Supreme Court explained:

We hold that the time Banks spent in jail, after the imposition of sentence, was a condition of probation not required to be credited against the sentence. Under I.C. § 19–2601(2), a court may place a defendant on probation subject to "such terms and conditions as it deems necessary and expedient." ... Here, Banks agreed to serve nine months in jail, with credit for the eight months he had served pre-trial, in order to receive probation.... Banks waived a right in exchange for being placed on probation. Accordingly, he is not entitled to credit for the time he voluntarily surrendered to gain probation.

*Id.* at 610, 826 P.2d at 1322 (citation omitted).

Subsequently, in *State v. Buys*, 129 Idaho 122, 922 P.2d 419 (Ct.App.1996), this Court considered a circumstance where the defendant was jailed several times during his period of probation. Adhering to the rule expressed in *Banks*, this Court held that with respect to 182 days served by Buys after sentencing and before release on probation, which was imposed as a condition of probation, Buys was not entitled to credit. We came to a different conclusion, however, with respect to periods of confinement served between the dates of Buys' arrests for two probation violations and the disposition of those violation charges. We noted that I.C. § 19–2603 specifies that if a probationer has been arrested for a probation violation and the probation has been revoked as a result of the violation, the defendant's incarceration from the time of service of the bench warrant will count as part of the sentence.[1] The Court observed that these periods of incarceration prior to disposition of a probation violation charge were not served voluntarily as an accepted condition to obtain probation, and therefore the *Banks* rule had no application. *Id.* at 127, 128, 922 P.2d at 424, 425.

Based on the foregoing precedents, it is clear that Lively was not entitled to credit for the jail time that he was ordered to serve on disposition of his first two probation viola-

---

1. Idaho Code § 19–2603 states:
When the defendant is brought before the court in such case, it may, if judgment has been withheld, pronounce any judgment which it could originally have pronounced, or, if judgment was originally pronounced but suspended, the original judgment shall be in full force and

effect and may be executed according to law, and the time such person shall have been at large under such suspended sentence shall not be counted as a part of the term of his sentence, but the time of the defendant's sentence shall count from the date of service of such bench warrant.

tions as a condition of reinstatement of probation. The district court's order is affirmed insofar as it denied credit for those periods of incarceration.

■ It appears from the record, however, that Lively is entitled to credit for other periods of confinement served between the date of his arrest for and the date of disposition of alleged probation violations. The record reflects, for example, that a bench warrant for Lively's arrest for a probation violation was issued on August 15, 1994. As of August 19, 1994, the date of his first appearance on this alleged violation, Lively was free on bond. However, another arrest warrant was issued on November 18, 1994, due to Lively's failure to appear at another hearing on the same alleged violation. The record shows that at the time of hearings conducted thereafter, on January 13 and January 17, 1995, Lively was in custody. At the January 17 hearing, the State dismissed the probation violation charge. Consistent with this Court's holding in *Buys*, Lively would be entitled to credit for this period of incarceration. Soon thereafter, another bench warrant was issued for a new probation violation, and the record indicates that when Lively appeared in court on March 10 and March 17, 1995, for proceedings on that alleged violation, he was in custody, apparently having been arrested on the bench warrant. With respect to the final probation violation charge, court minutes show that Lively was in custody when he made court appearances on January 31, February 27, and March 28, 1997. Each of these periods of incarceration must be credited against Lively's sentence. The appellate record does not disclose the duration of Lively's incarceration on these occasions. Therefore, we remand the matter to the district court for determination of the number of days to be applied on Lively's sentence.

In summary, we affirm the district court's denial of Lively's request for credit for jail terms served as a condition for reinstatement of his probation following disposition of probation violation charges, but we reverse the district court's order insofar as it denies credit for periods of incarceration following Lively's arrest for alleged probation violations or for failure to appear at probation violation proceedings. The case is remanded to the district court for ascertainment of the number of days to be applied against Lively's sentence.

PERRY, J., concurs.

SCHWARTZMAN, Judge, concurring.

I concur in the result reached, based upon the constraints imposed under the *Banks* decision. I write only to voice my consternation at the fundamental irony of the following hypothetical: Defendant A is arrested and is financially unable to post bond. He spends six months in jail awaiting disposition, is placed onto probation, and given credit for six months served in custody. Defendant B posts bond immediately, but to equalize the sentence the court orders him to serve six months in jail as a condition of probation. Both probations are revoked, yet only Defendant A gets six months worth of credit toward the full sentence. Defendant B's "voluntary" jail time as a condition of probation counts for naught in the final computation.

Perhaps now would be an appropriate time for the Idaho Legislature to take a look at this issue and equalize the credits for time spent in incarceration, given the financial constraints facing this State in terms of housing inmates.

As for Defendants A and B, jail is still jail, no matter how or what you call it! Common sense and fairness dictate an equivalent result.