966 P.2d 663

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Benjamin A. JAKOSKI, Defendant–Appellant.**

No. 24348.

Court of Appeals of Idaho.

Oct. 19, 1998.

Patrick A. McMillen, Gooding, for Defendant–Appellant.

Alan G. Lance, Attorney General; Kimberly A. Coster, Deputy Attorney General, Boise, for Plaintiff–Respondent.

PERRY, Judge.

Benjamin A. Jakoski appeals from the district court's order revoking probation and executing sentence. Jakoski challenges the district court's refusal to award credit for time served as a condition of probation. For the reasons set forth below, we affirm.

Jakoski was originally charged with sexual abuse of a child under the age of sixteen. Pursuant to a plea agreement, in December 1994, Jakoski pled guilty to assault with the intent to commit a serious felony. I.C. §§ 18–901, –909. A unified five-year sentence, with a fixed portion of two years, was imposed. The court suspended execution of the sentence, placing Jakoski on probation for five years.

On January 26, 1995, the state filed a petition for revocation of probation, and Jakoski admitted the violation. The district court ordered the previously suspended sentence into execution, but retained jurisdiction for 180 days. After expiration of the retained jurisdiction period, the district court again suspended execution of the original sentence, placing Jakoski on probation for a term of eight years.

On June 7, 1996, a petition for revocation of probation was filed. Again, Jakoski ad-

mitted to the probation violation. As a result of this transgression, on July 24, 1996, the district court extended Jakoski's term of probation to ten years. In addition, as a term and condition of probation, Jakoski agreed to serve 365 days in the Blaine County jail.

On September 18, 1997, another petition to revoke Jakoski's probation was filed. Jakoski admitted the violation and stipulated to entry of the originally suspended sentence. On October 23, 1997, a telephonic hearing was held regarding the amount of credit for time served to which Jakoski was entitled. The district court found that Jakoski was entitled to credit of 224 days. On October 24, 1997, the court ordered into execution the previously suspended sentence of a unified five-year term, with a fixed two-year term, stemming from the 1994 judgment of conviction. Jakoski filed an I.C.R. 35 motion for reconsideration of his sentence.[1]

■ Jakoski contends he is entitled to additional credit for the 365 days served as a term and condition of probation imposed on July 24, 1996. His appeal necessarily relies on I.C. § 18–309, which requires that the sentencing court give appropriate credit for prejudgement incarceration. *See State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct.App.1991). Whether the district court properly applied I.C. § 18–309 to the facts of a case involves a question of law. *State v. Dorr*, 120 Idaho 441, 443, 816 P.2d 998, 1000 (Ct.App.1991). Thus, we exercise free review over Jakoski's appeal.

■ The law in this area is well settled. A period of incarceration that is a term and condition of probation will not be credited to a defendant whose probation is subsequently revoked. *State v. Banks*, 121 Idaho 608, 610, 826 P.2d 1320, 1322 (1992); *State v. Lively*, 131 Idaho 279, 280, 954 P.2d 1075, 1076 (Ct.App.1998); *State v. Buys*, 129 Idaho 122, 127, 922 P.2d 419, 424 (Ct.App.1996).

Jakoski concedes there is authority contrary to his position; however, he urges the authority does not "fully encompass the intrinsic nature" of his appeal. Jakoski contends that a choice between probation and prison, is no choice at all. Thus, his decision to accept 365 days of jail time in exchange for reinstatement of probation was involuntary. Indeed, Jakoski alleges that a "first-year law student would view this situation as a contract of adhesion between parties of extreme, if not polar opposites, and no action on the part of a defendant would be deemed voluntary."

■ As this Court has previously held, the fact that a defendant considering proposed probation terms is faced with a choice between two alternatives, neither of which are to his liking, does not make the chosen alternative involuntary in a constitutional sense. If the rule were otherwise, any informed and intelligent guilty plea would be involuntary merely because the only alternative—submitting to a trial on the charges—is distasteful to the defendant. *State v. Josephson*, 125 Idaho 119, 122, 867 P.2d 993, 996 (Ct.App. 1993). The procedural history in *Josephson* indicated that the defendant did not consider his choice of probation involuntary until a subsequent parole violation. *Id.*

■ In the case at bar, Jakoski had a choice—submit to the 365–day jail term or have the previously suspended sentence, a unified five-year term with two years fixed, executed. He chose the former. As in *Josephson*, there was no indication that Jakoski considered the terms and conditions of his probation involuntary until his probation was revoked for a subsequent violation. Thus, regardless of Jakoski's contention to the contrary, his acceptance of the 365–day jail term as a condition of probation must be viewed as voluntary.

We hold the district court correctly applied I.C. § 18–309 and the Idaho precedent of *Banks, Lively*, and *Buys* in reaching its decision to not award Jakoski credit for the 365 days served as a condition of probation. Therefore, we affirm the district court's or-

---

1. The disposition of Jakoski's Rule 35 motion is not contained within the record submitted on appeal. We assume, for the sake of this appeal, the district court's disposition was unfavorable to Jakoski.

der revoking probation and ordering execution of the previously imposed sentence.

LANSING, C.J., concurs.

SCHWARTZMAN, Judge, specially concurring.

Again, I concur in the reasoning and result reached in this opinion, based upon the constraints imposed under the *Banks* decision; just as I did in *State v. Lively,* 131 Idaho 279, 281, 954 P.2d 1075, 1077 (Ct.App.1998). But, as Jakoski argues, it matters not the *legal path* one takes to find himself deprived of freedom; the issue is how long may a defendant have his liberty totally restrained and not receive credit for it. "Jail is still jail, no matter how or what you call it!" *Id.*

It is also worthy of note that the Idaho Legislature, perhaps in response to the Governor's Committee of One Recommendations, did amend Idaho Code § 20–228 in 1998 to add the following (here in italics): "Such person so recommitted [on parole revocation] must serve out the sentence, and the time during which such prisoner was out on parole shall not be deemed a part thereof; *unless the commission, in its discretion, shall determine otherwise.* ..." 1998 Idaho Session Laws, ch. 327, § 2, p. 1057.

If a parolee may now be able to receive some discretionary credit for time actually spent on parole in an unincarcerated status, how much sense does it make to *not* give a probationee credit for time served *while actually incarcerated* as a condition of probation? Jakoski has spent a year in the county 'slammer' and now must serve the full suspended sentence in the penitentiary, at state expense, without a nickel's worth of credit for that time. This repeated year hardly appears a fair or wise use of limited state financial resources.