# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 39390

| | |
|---|---|
| STATE OF IDAHO, | ) 2012 Unpublished Opinion No. 579 |
| | ) |
| Plaintiff-Respondent, | ) Filed: August 7, 2012 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| DENNIS RAY SMITH, JR., | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah Ann Bail, District Judge.

Order denying motion for credit for time served, affirmed; order denying Idaho Criminal Rule 35 motion for correction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Dennis Ray Smith, Jr. appeals from the district court's orders denying his motion for credit for time served and denying his Idaho Criminal Rule 35 motion for correction of his sentence. For the reasons set forth below, we affirm.

## I.

## BACKGROUND

Smith pled guilty to forgery, Idaho Code § 18-3601. The district court withheld judgment and placed Smith on probation for a period of five years. Subsequently, Smith admitted to violating his probation by incurring an additional criminal charge. The district court revoked the withheld judgment; imposed a unified sentence of five years, with two years determinate; and reinstated Smith's probation. Following another report of probation violations, Smith again admitted to violating terms of his probation. The district court revoked Smith's probation and executed the underlying sentence, but retained jurisdiction. At the conclusion of the period of retained jurisdiction, the district court suspended the underlying sentence and

1

returned Smith to probation. Several months later, Smith was once again found to have violated several terms of his probation. The district court consequently revoked probation and executed the underlying sentence. The district court credited Smith with 583 days against the sentence for the time he spent incarcerated and in the retained jurisdiction program. Smith filed a motion requesting additional credit for time served--specifically, thirty-three days served as discretionary jail time at the discretion of his probation officer as a condition of his probation and seventy-two months served on probation. The district court denied the motion by writing "denied" on the face of the motion. Smith then filed a Rule 35 motion for correction of his sentence, alleging an illegal sentence and requesting credit for the time he served on probation and as discretionary jail time. The district court denied the Rule 35 motion by writing "Denied. Untimely" on the face of the motion. Smith filed a timely notice of appeal from the denial of his motion for credit for time served and the denial of his Rule 35 motion.

## II.

## ANALYSIS

Smith's main argument is that he should receive credit for time served while on probation because he was under the custody of the Department of Correction and, thus, not "at large." Additionally, he asserts that if he is not credited for time on probation, the total time he would be subject to the Department of Correction's authority will exceed the imposed unified sentence of five years, making the sentence illegal. Finally, Smith contends that the district court improperly denied his Rule 35 motion as "untimely."[1]

### A.      Credit for Time Served While on Probation

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659,

---

[1]      Smith also argues the district court did not adhere to the proper order format pursuant to Idaho Criminal Rule 47, which requires any written orders made in response to a filed motion be entered "on a separate document." Although the orders were not in accordance with Rule 47, these shortcomings have no effect on the outcome of this appeal and can be remedied by the entry of separate written orders, *nunc pro tunc*, by the district court after remittitur. *See State v. Broadhead*, 139 Idaho 663, 669, 84 P.3d 599, 605 (Ct. App. 2004).

978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history, or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation that will not render it a nullity. *Id.* Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

Smith's arguments focus on Idaho Code § 18-309, which provides:

> In computing the term of imprisonment, the person against whom the judgment was entered shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. The remainder of the term commences upon the pronouncement of sentence and if thereafter, during such term, the defendant by any legal means is temporarily released from such imprisonment and subsequently returned thereto, the time during which he was at large must not be computed as part of such term.

Smith asserts that "at large," as referenced in section 18-309, is akin to absconding and, therefore, the "statute is ambiguous as to whether credit may be awarded for periods when the defendant is serving probation . . . ." As is shown below, this area of law is well established. *See Taylor v. State*, 145 Idaho 866, 869-70, 187 P.3d 1241, 1244-45 (Ct. App. 2008); *State v. Climer*, 127 Idaho 20, 24, 896 P.2d 346, 350 (Ct. App. 1995); *State v. Sutton*, 113 Idaho 832, 834, 748 P.2d 416, 418 (Ct. App. 1987).

Smith argues that being under the control of the Department of Correction is not "at large." He specifically contends "probation is like incarceration, in that it is a punishment imposed by the justice system, and like other forms of punishment, restricts the person's freedoms." Smith's argument is similar to that in *Climer*, 127 Idaho at 22, 896 P.2d at 348, where the defendant argued house arrest should be credited because it constituted incarceration due to the deprivation of liberty. This Court explained that "the legislative history of I.C. § 18-309 is virtually nonexistent, and there is no indication that the legislature intended a broad interpretation of the term 'incarceration.'" *Id*. at 23, 896 P.2d at 349. Therefore, the term "incarceration" means to confine one to a prison or jail. *Id*. We found that house arrest was

3

more like probation than incarceration and, thus, not credited towards the defendant's sentence. *Id*. at 23-24, 896 P.2d at 349-50. Moreover, offenders confined to their residence are different than members of an incarcerated population because the offenders are not subject to the same regimen of incarceration since they can enjoy the freedom of activity, association, and movement within their residence. *Id*. at 23, 896 P.2d at 349 (quoting *People v. Ramos*, 561 N.E.2d 643, 647 (Ill. 1990). Furthermore, in *Taylor*, 145 Idaho at 870, 187 P.3d at 1245*,* we held that regardless of whether the defendant remained in the *legal* custody of the Department of Correction, the statute only allows credit for time served while being incarcerated and the time a defendant spends at liberty does not qualify. *See also Muchow v. State*, 142 Idaho 401, 403, 128 P.3d 938, 940 (2006) (explaining that "I.C. § 18-309 very clearly talks *only* about calculating credit against the term of imprisonment.") Accordingly, probation is not equivalent to incarceration.

While defendants are entitled to receive credit for time spent incarcerated before sentencing, they are not entitled to credit for time served as a condition of probation. *State v. Banks*, 121 Idaho 608, 610, 826 P.2d 1320, 1322 (1992); *State v. Jakoski*, 132 Idaho 67, 68, 966 P.2d 663, 664 (Ct. App. 1998); *State v. Lively*, 131 Idaho 279, 280, 954 P.2d 1075, 1076 (Ct. App. 1998); *State v. Buys*, 129 Idaho 122, 126, 922 P.2d 419, 423 (Ct. App. 1996). "The purpose of probation is rehabilitation, which is facilitated by giving the defendant a strong motivation to comply with the law by holding conditions over him," and if the defendant was given credit for time served as a condition of probation the motivation to comply with the law would decrease because the severity of the consequences would be removed. *State v. Dana*, 137 Idaho 6, 8, 43 P.3d 765, 767 (2002). Thus, Smith is not entitled to credit for time served as discretionary jail time as a condition of his probation.

**B.    Rule 35 Motion**

Smith contends that his sentence is illegal if he is not credited for the time served on probation and as discretionary jail time as a condition of probation. Additionally, he argues the district court's denial of the motion as "untimely" was error.

Pursuant to Rule 35, the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson,* 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993); *State v. Rodriguez,* 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991). The term "illegal sentence"

under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record. *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009); *see also State v. Alsanea*, 138 Idaho 733, 745, 69 P.3d 153, 165 (Ct. App. 2003) ("An illegal sentence under Rule 35 is one in excess of a statutory provision or otherwise contrary to applicable law."). "Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law . . . ." *Clements*, 148 Idaho at 86, 218 P.3d at 1147.

Smith's sentence is not illegal from the face of the record. Smith pled guilty to forgery, which has a maximum punishment of imprisonment for fourteen years. I.C. § 18-3604. Smith's unified five-year sentence falls within the range of punishment authorized by statute. *See* I.C. § 18-3604. Thus, Smith's sentence is not illegal, and the district court did not err by denying his Rule 35 motion.

The State concedes the district court erred by denying Smith's motion as untimely. However, the denial of the Rule 35 motion was the correct result. Where the lower court reaches the correct result by an erroneous theory, this Court will affirm the order on the correct theory. *Boise Tower Associates, LLC v. Hogland*, 147 Idaho 774, 782, 215 P.3d 494, 502 (2009) (citing *Nampa & Meridian Irr. Dist. v. Mussell*, 139 Idaho 28, 33, 72 P.3d 868, 873 (2003)); *Sivak v. State*, 115 Idaho 757, 759, 769 P.2d 1129, 1131 (Ct. App. 1989).

### III.

### CONCLUSION

We conclude the district court did not err in denying Smith's motion for credit for time served while on probation and as discretionary jail time as a condition of probation because such time is not to be credited to the sentence. Smith's sentence was not illegal, as it did not exceed the statutory maximum punishment. Additionally, we conclude although the district court denied Smith's Rule 35 motion on the erroneous theory of being untimely, the result was correct. Accordingly, we affirm the orders of the district court denying Smith's motion for credit for time served and denying Smith's Rule 35 motion.

Judge MELANSON **CONCURS.**

Judge LANSING **CONCURS IN THE RESULT**.