**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40379**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 507** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: May 15, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **GENE CHARLES OLSON,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Order revoking probation and executing a reduced sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Gene Charles Olson appeals from the district court's order revoking Olson's probation and executing a reduced sentence. Specifically, Olson argues that the district court erred by failing to credit Olson's sentence for 250 days he spent incarcerated in Washington as a sanction for violating the conditions of his community custody in that state. We affirm.

**I.**

**FACTS AND PROCEDURE**

Pursuant to a plea agreement, Olson pled guilty to possession of methamphetamine, I.C. § 37-2732(c)(1).[1] In 2007, the district court imposed a unified sentence of seven years, with two years determinate. The district court then suspended the sentence and placed Olson on

_____

[1] As part of the plea agreement the state agreed to dismiss a driving without privileges charge.

1

probation for four years. Shortly after being placed on probation, Olson's supervision was transferred to the State of Washington through an interstate compact agreement.

At a hearing on April 9, 2010, the Washington Department of Corrections found Olson guilty of eleven separate community custody violations. The Washington hearing officer recommended that Olson be returned to Idaho. As an alternative to being returned to Idaho, the hearing officer recommended that Olson be confined in the Okanogan County Jail for 250 days. Olson was ultimately confined to the Okanogan County Jail for 250 days.

Over one year later, on April 19, 2011, the Idaho Department of Correction filed a report of violation alleging that Olson committed fourteen separate probation violations between April 2008 and March 2011. A warrant of arrest for probation violation was issued on April, 20, 2011, and was served on Olson in the State of Washington on or about April 25, 2011.[2] After agreeing to waive extradition, Olson was transported back to Idaho in June 2012.[3]

Before a disposition hearing, Olson filed a motion for credit for time served. In the motion, Olson requested credit for time spent in custody since being served with the Idaho warrant on or about April 25, 2011. Additionally, Olson sought credit, or alternatively a reduction of his sentence, for the 250 days he spent incarcerated in Washington.

At the disposition hearing, the court determined Olson was entitled to credit for a total of 575 days served, of which 100 days were for prejudgment incarceration and 475 days were for incarceration following service of the Idaho warrant. Counsel for Olson agreed that 575 days was an appropriate calculation of credit for time served. In addition, counsel requested that, in the interest of justice, Olson's sentence be reduced by the 250 days Olson spent incarcerated in Washington before being served with the Idaho warrant, which the district court denied.

The district court issued an order revoking Olson's probation and imposing a reduced unified sentence of seven years, with one year determinate. Olson appeals.

_____

[2] Olson was incarcerated in the State of Washington during this time for committing new felony crimes while living in Washington.

[3] On June 25, 2012, Idaho Department of Correction officials filed a second report of probation violation alleging that, on May 12, 2011, Olson had been convicted of two new felonies in the State of Washington. The second report of probation violation resulted in Idaho issuing a second warrant of arrest for probation violation.

## II.

## ANALYSIS

Olson alleges the district court erred by failing to credit Olson's Idaho sentence for the 250 days he served in Washington for violating Washington's community custody conditions. Specifically, Olson contends his sentence must be credited because the Washington hearing officer's order for incarceration was the functional equivalent of a bench warrant. Whether a sentencing court has properly applied the law governing credit for time served to the facts of a particular case is a question of law, over which we exercise free review. *State v. Vasquez*, 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct. App. 2005) (citing *State v. Hale*, 116 Idaho 763, 779 P.2d 438 (Ct. App. 1989)). We defer to the trial court's findings of fact unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *State v. DuValt*, 131 Idaho 550, 552-53, 961 P.2d 641, 643-44 (1998); *State v. Davis*, 139 Idaho 731, 734, 85 P.3d 1130, 1133 (Ct. App. 2003).

Generally, Idaho Code § 19-2603 governs credit for time served as it relates to the revocation of probation. Under that provision, when a probationer has been arrested upon a probation violation, "the time of the defendant's sentence shall count from the date of service of [the] bench warrant." *Id.* Additionally, Idaho case law requires that a probationer likewise receive credit for time served when he or she has been held on the functional equivalent of a bench warrant. For example, in *State v. Buys*, 129 Idaho 122, 922 P.2d 419 (Ct. App. 1996), Buys, who was on probation, was arrested for a new charge, and on the same day, the district court issued an order of incarceration. The basis of the order was that Buys had been charged with a new crime, that Buys' probation officer was conducting an investigation of the incident, and that a probation violation report would be filed thereafter. Because Buys' probation did not include discretionary jail time as a condition, we held that the order for incarceration was the functional equivalent of a bench warrant issued in connection with an alleged probation violation, not discretionary time served as a condition of probation. *Id.* at 127-28, 922 P.2d at 424-25. We noted that Buys would have been eligible for release on bond for the new charge had he not been subject to the order of incarceration on the probation violation. *Id.* at 128, 922 P.2d at 425. Thus, we concluded that Buys was entitled to credit for time served in jail upon that order. *Id.*

In this appeal, the record contains no evidence supporting Olson's assertion that he was held in Washington on the functional equivalent of an Idaho bench warrant during the time he spent in the custody of Washington. That is, Olson presented no evidence showing an action taken by the State of Idaho or its agents. Olson has shown no error. He requested credit for time served and was granted credit. He requested a reduction in sentence to reflect the amount of time spent incarcerated and was granted a reduced sentence. It is Olson's burden, as the appellant, to show how the district court erred. *See State v. Gill*, 150 Idaho 183, 186-87, 244 P.3d 1269, 1272-73 (Ct. App. 2010).

Additionally, the invited error doctrine prevents Olson from challenging the district court's order on appeal. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *Thomson v. Olsen*, 147 Idaho 99, 106, 205 P.3d 1235, 1242 (2009). One may not complain of errors one has consented to or acquiesced in. *Id*. In short, invited errors are not reversible. *Id*.

Even assuming the district court erred, Olson invited the error in his motion for credit for time served and consented to the district court's final determination of credit for time served at the disposition hearing. In the motion, Olson argued for either 250 days credit or a modified sentence reflecting the 250 days served. Specifically, Olson argued, "In the interests of justice Mr. Olson should be credited for that time. In the alternative [Olson] requests that his sentence be modified to show a reduction of those 250 days." At the disposition hearing, when specifically asked if the defense had any objection to the court's determination of 575 days credit for time served, Olson's defense counsel responded, "No, Your Honor, that seems like the appropriate calculation." Specifically, Olson requested, "[I]f the court does choose to impose time, that he be given credit for time served, *as well as* a reduction by at least that 250 days." (Emphasis added.) Olson received exactly what he requested--credit for time served and a reduced sentence.

The district court did not err when it denied Olson's request for an additional 250 days credit for time served. The district court's order revoking Olson's probation and executing a reduced sentence is affirmed.

Judge MELANSON **CONCURS.**

Judge LANSING **CONCURS IN THE RESULT.**

4