**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41853**

| | |
|---|---|
| STATE OF IDAHO, | 2014 Unpublished Opinion No. 841 |
| Plaintiff-Respondent, | Filed: December 3, 2014 |
| v. | Stephen W. Kenyon, Clerk |
| WILLIAM GORDON SMITH, JR., aka BILL G. PARKS, JR., | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Defendant-Appellant. | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas J. Ryan, District Judge.

Order denying I.C.R. 35 motion for correction of illegal of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

In February 2006, William Gordon Smith, Jr. pled guilty to burglary. Idaho Code § 18-1401. The district court sentenced Smith to a unified term of six years with two years determinate. Pursuant to the plea agreement, Smith was to serve 365 days in the Canyon County jail with the work release and/or inmate worker program "as a term of probation" and would then be placed on probation for four years. Subsequently, Smith's probation was revoked and the district court executed the underlying sentence. Smith filed a Rule 35 motion for credit for time served based upon the 365 days of work release he served as a condition of probation. The district court denied his motion on the basis that a defendant is not entitled to credit for jail time served as a condition for probation when that probation is subsequently revoked. Smith filed a

1

second Rule 35 motion for credit for time served which was also denied by the district court. On appeal, Smith asserts that he is entitled to credit for time served while he was on probation.

Idaho Code § 18-309 provides, in pertinent part:

> In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. The remainder of the term commences upon the pronouncement of sentence and if thereafter, during such term, the defendant by any legal means is temporarily released from such imprisonment and subsequently returned thereto, the time during which he was at large must not be computed as part of such term.

A claim that credit was not properly given for time served is a claim that the sentence is illegal since the sentence would have been imposed in violation of I.C. § 18-309. *State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991). Whether the district court properly applied I.C. § 18-309 to the facts of the case involves a question of law. *State v. Dorr*, 120 Idaho 441, 443, 816 P.2d 998, 1000 (Ct. App. 1991). Over questions of law, we exercise free review. *State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990).

In his appellant's brief, Smith acknowledges the language of I.C. § 18-309 and this Court's decision in *State v. Sutton*, 113 Idaho 832, 748 P.2d 416 (Ct. App. 1987), which holds that a defendant is not entitled to credit for time spent on probation. However, he asserts that the district court erred in denying his illegal sentence motion. Smith's claim is without merit. Not only is Smith not entitled to credit for time spent on probation, he is not entitled to credit for jail time served as a condition of probation when probation is subsequently revoked. *State v. Jakoski*, 132 Idaho 67, 68, 966 P.2d 663, 664 (Ct. App. 1998). Accordingly, the district court's order denying Smith's Rule 35 motion is affirmed.