**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 40915/41205**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2014 Opinion No. 90** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: October 22, 2014** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| AARON LOUIS BITKOFF, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Valley County. Hon. Thomas F. Neville, District Judge.

Order denying motion for additional credit for time served, <u>vacated</u>, and <u>case remanded</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Aaron Louis Bitkoff appeals the district court's denial of his request for additional credit on his sentence for time he served in jail as a consequence of a probation violation. We vacate the district court's order and remand for further proceedings.

**I.**

**BACKGROUND**

In 2009, in Idaho, Bitkoff pleaded guilty to burglary, Idaho Code § 18-1401. The district court imposed a unified sentence of six years, with two years fixed, and retained jurisdiction. After the period of retained jurisdiction, the district court suspended the sentence and placed Bitkoff on five years' probation. Bitkoff's probation supervision was later transferred to the state of Nevada through the Interstate Compact for Adult Offender Supervision. *See* I.C. §§ 20-301, 20-302.

1

In October of 2011, the Idaho Interstate Compact Office filed a report of violation with the Idaho district court alleging that Bitkoff had absconded from supervision in Nevada. The report incorporated information from Bitkoff's Nevada probation officer indicating that Bitkoff was suspected in a series of thefts under investigation by the Nevada Metro Police Department. In November 2011, the Valley County prosecutor in the present case filed a motion requesting issuance of a bench warrant for Bitkoff's arrest on the probation violation. On November 10, 2011, the district court issued the bench warrant.

On December 29, 2011, Bitkoff was arrested in Nevada and was charged with committing crimes there. In January 2012, he pleaded guilty to the Nevada charges of conspiracy to commit grand larceny and burglary, and he was later sentenced to a term of imprisonment in the Nevada penitentiary. Bitkoff was released from Nevada's custody sometime in early 2013 and upon his release was transferred to Idaho to answer for his probation violation. On February 5, 2013, Bitkoff made his initial appearance regarding the probation violation before a Valley County magistrate. On that day, a notification of warrant service was filed stating that the Valley County Sheriff's Department had served the Idaho bench warrant on Bitkoff on February 5, 2013. A return on the arrest warrant was also filed.

Shortly thereafter, Bitkoff admitted to the probation violation. The district court then scheduled a disposition hearing and ordered an updated presentence investigation report, specifically to include the Nevada presentence investigation report.

At the probation violation disposition hearing, the issue of credit for time served arose. In addition to other credit granted by the district court, Bitkoff sought credit against his Idaho sentence for the period from December 29, 2011, to February 5, 2013. Bitkoff's attorney told the court that his client claimed that he was served with the Idaho bench warrant on December 29, 2011, and counsel argued that Bitkoff was thus entitled to credit from that date pursuant to Idaho Code § 19-2603. The district court denied the request, stating that the record before the court did not support Bitkoff's unsworn assertion and that, absent documentation, the court was not inclined to give Bitkoff the benefit of the doubt that he had been served with the Idaho warrant on the claimed date. The district court ultimately revoked probation and ordered execution of the underlying sentence.

Thereafter, Bitkoff filed a motion under Idaho Criminal Rule 35, again seeking credit for his incarceration from December 29, 2011, to February 5, 2013. This time, Bitkoff presented as

evidence his own affidavit and certified copies of documents that appear to have originated in the Idaho Interstate Compact office. The district court denied the motion and this appeal followed.

## II.

## ANALYSIS

Whether the district court properly applied the law governing credit for time served is a question of law over which we exercise free review. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006). We defer to the trial court's findings of fact, however, unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *State v. Davis*, 139 Idaho 731, 734, 85 P.3d 1130, 1133 (Ct. App. 2003).

The Idaho statutes governing procedures for the arrest of a probationer for violation of the terms of probation, and credit against the sentence for the resulting incarceration, are I.C. §§ 19-2602 and 19-2603. Section 19-2602 provides that "[i]f it is proved to the satisfaction of the court that the terms and conditions upon which the defendant was placed on probation by the court or any of them have been violated . . . the court may . . . issue a bench warrant for the rearrest of the defendant." Section 19-2603 then states:

> When the defendant is brought before the court in such case . . . if judgment was originally pronounced but suspended, the original judgment shall be in full force and effect and may be executed according to law, and the time such person shall have been at large under such suspended sentence shall not be counted as a part of the term of his sentence, but *the time of the defendant's sentence shall count from the date of service of such bench warrant.*[1]

(emphasis added).

---

[1] The manner of service of an arrest warrant is addressed in Idaho Criminal Rule 4(h)(3) as follows:

> The warrant shall be executed by the arrest of the defendant. The officer need not have the warrant in possession at the time of the arrest, but the officer shall show the warrant to the defendant as soon as possible. A telegraphic or other copy of the warrant of arrest may be used by the officer at the time of the arrest or for the purpose of showing the warrant to the defendant after the defendant's arrest. If the officer does not have the warrant in possession at the time of arrest, the officer shall then inform the defendant of the offense charged and of the fact that a warrant has been issued.

Bitkoff maintains that by plain terms of the italicized language in section 19-2603, if he was served in Nevada with the Idaho bench warrant he is entitled to credit for all periods of incarceration thereafter, even if he was also incarcerated in Nevada for Nevada charges. The State responds that Bitkoff cannot be awarded the credit he seeks because I.C. § 19-2603 must be applied in conjunction with I.C. § 18-309, which provides in part:

> In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered.

Focusing upon the section 18-309 language limiting credit to incarceration that was served "for the offense or an included offense for which the judgment was entered," the State argues that because Bitkoff was also arrested on Nevada charges and ultimately incarcerated in the Nevada penitentiary solely on convictions for offenses committed in Nevada, he cannot receive credit against his Idaho sentence for this period of time.

The State's argument is without merit. By its plain terms, section 18-309 refers to incarceration during any period "prior to entry of judgment," whereas Bitkoff is seeking credit for incarceration *following* his judgment of conviction. We have previously stated that I.C. § 18-309 "does not directly address the question of credit for time served *after* an entry of judgment for defendants, who . . . have been placed on probation but ultimately have had their probation revoked." *State v. Lively*, 131 Idaho 279, 280, 954 P.2d 1075, 1076 (Ct. App. 1998) (emphasis in original). In *Lively*, we held that credit for incarceration upon a probation violation was instead governed by I.C. § 19-2603, which "specifies that if a probationer has been arrested for a probation violation and the probation has been revoked as a result of the violation, the defendant's incarceration from the time of service of the bench warrant will count as part of the sentence." *Lively*, 131 Idaho at 280, 954 P.2d at 1076. Under the plain terms of I.C. § 19-2603, a defendant is entitled to credit for time served from service of a bench warrant for a probation violation.[2] The Idaho Legislature did not see fit to include in section 19-2603 the "for the offense" limitation found in I.C. § 18-309, and Idaho courts are not at liberty to engraft that limitation into section 19-2603. Thus, the determinative question presented here is whether

---

[2]     The statute excludes credit if the defendant is "at large under such suspended sentence." Thus, if the defendant is not incarcerated for any reason after the service of a bench warrant, no credit is allowed.

4

Bitkoff was, in fact, served with the Idaho bench warrant on December 29, 2011. If he was, he is entitled to credit from that date to February 5, 2013, even though he was also incarcerated on other charges.

The district court denied Bitkoff's Rule 35 motion stating, by handwritten interlineation on the motion, "In general, credit starts when a warrant is served on Defendant, but *not* when a "hold" is placed on Defendant in custody in another jurisdiction." The term "hold" is often used as an informal reference to an interstate detainer, and we surmise that was the meaning intended by the district court. A "detainer," as that term is used with reference to the Interstate Agreement on Detainers, I.C. § 19-5001, *et seq.*, is a written communication initiated by one state ("the receiving state") and filed or lodged with a state where an individual is in custody ("the custodial state" or "sending state") asking the custodial state to notify the receiving state of the prisoner's imminent release from custody, to make the prisoner available to the receiving state, or to hold the prisoner after his release for the receiving state. *See* I.C. § 19-5001; *State v. Bronkema*, 109 Idaho 211, 214, 706 P.2d 100, 103 (Ct. App. 1985). Although an arrest warrant sent to a custodial state could perhaps serve as a detainer, *id.*, if the warrant is not served upon the defendant, credit will not begin to accrue pursuant to I.C. § 19-2603. On the other hand, if the defendant has been served with the warrant in Idaho or elsewhere, then credit must be given on the defendant's sentence for the incarceration thereafter. I.C. § 19-2603; *State v. McCarthy*, 145 Idaho 397, 398, 179 P.3d 360, 361 (Ct. App. 2008); *Covert*, 143 Idaho at 170, 139 P.3d at 772; *Lively*, 131 Idaho at 280, 954 P.2d at 1076; *State v. Buys*, 129 Idaho 122, 127-28, 922 P.2d 419, 424-25 (Ct. App. 1996). *See also* Idaho Criminal Rule 4(h)(3).[3]

In ruling on Bitkoff's motion, the district court correctly stated the law, but did not make factual findings resolving the conflict in the evidence concerning whether Bitkoff was served with the Idaho bench warrant in Nevada on December 29, 2011. On appeal, neither party acknowledges this infirmity. Instead, the defendant and the State each assert evidence in its favor as established fact.

---

[3]     We recognize the anomaly created by the distinction between the warrant merely acting as a "hold," after which no credit would be due, and actual service of the warrant, after which credit would be due.

None of the evidence submitted to the district court is of the highest probative value because it is largely hearsay in unsourced documents.[4]  At the probation violation disposition hearing, the only information before the district court on the question of credit for incarceration came from the Idaho PSI.  That document included a copy of the Nevada PSI, in which the Nevada PSI investigator stated that as of March 9, 2012, there was an "outstanding" warrant against Bitkoff for "Burglary (Probation Violation)" "0902472C/Valley County, Sheriff's Office, Idaho."  The investigator further stated that he had "contacted the Valley County, Idaho Parole and Probation Department on February 12, 2012" and that "they stated the State of Idaho currently has a probation violation hold on the defendant as the result of the instant offense."

In support of his Rule 35 motion, Bitkoff submitted his own affidavit stating that he was arrested on the Idaho bench warrant on December 29, 2011, and that he was served with the bench warrant that same day.  In addition, he submitted copies of documents which were certified as true copies of records in the files of the Idaho Department of Correction, but which appear to have been generated in the Idaho Interstate Compact office.  Bitkoff's motion and evidence provide no clear explanation of the nature of the documents or the meaning of their contents.  One of the documents appears to be a page from a Nevada probation officer's report and another document, referred to as "C-notes," appears to be the contents of an email chat between someone from the Nevada Interstate Compact office and someone from the Idaho Interstate Compact office.  The documents state that Bitkoff "was arrested 12/29/11 on [the Idaho] warrant and other charges" and that Bitkoff was "contacted at the above [Nevada] residence on 12/29/11 and arrested on Idaho Warrant # CR20092472C, additionally he was booked on a N. Las Vegas Warrant for Cons to Commit Larceny (GM), Burglary (f) and Poss Credit Card w/o Owners Consent (F)."  Because the "CR20092472C" case number corresponds to the district court criminal case number here, had Bitkoff clearly explained what the documents were and the source from which he acquired them (or better yet, had he obtained an affidavit from the custodian of the records explaining their origin), the district court may have been persuaded that Bitkoff was correct on the facts.

The State submitted no evidence at the probation violation disposition hearing and did not respond in any way to Bitkoff's Rule 35 motion.  On appeal, the State relies on the

---

[4]     It should be noted that the Idaho Rules of Evidence do not apply here.  *See* I.R.E. 101(e)(3).

6

notification of warrant service filed on February 5, 2013, the day of Bitkoff's initial appearance in Idaho, stating that the Valley County Sheriff's Department had served the Idaho bench warrant on Bitkoff that day. To this evidence Bitkoff responds that if he was previously served in Nevada, serving him with the arrest warrant a second time upon his return to Idaho has no legal effect. We agree. A second service of the same warrant cannot retroactively negate the first service.

A remand is necessary here because the district court must make factual findings resolving whether Bitkoff was served with the Idaho bench warrant in Nevada on December 29, 2011. If he was, he is entitled to the credit for time served that he requested. If he was not, no credit is due. The district court may, in its discretion, permit the parties to submit any further evidence on the matter.

## III.

## CONCLUSION

The district court's order denying the Rule 35 motion is vacated, and this case is remanded for further proceedings consistent with this opinion.

Judge GRATTON and Judge MELANSON **CONCUR.**