**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43947**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Opinion No. 53** |
| | ) | |
| Plaintiff-Respondent, | ) | Filed:  October 25, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| **JASON ROY BARRETT,** | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Samuel A. Hoagland, District Judge.

Judgment of conviction, <u>affirmed</u>; order denying motion for credit for time served, <u>reversed</u> and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Elizabeth Ann Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Jason Roy Barrett appeals from the district court's judgment of conviction and order denying motion for credit for time served.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 15, 2015, Barrett was arrested and taken into custody for a parole violation related to a prior conviction.  At the time of his arrest, Barrett was in possession of marijuana and methamphetamine.  On June 8, 2015, an arrest warrant was issued relative to the new charges stemming from the possession.  On July 24, 2015, while he was incarcerated due to the parole violation, Barrett was served with a "Hold Notice Request" indicating he was wanted by the Ada County Sheriff's office on the new charges.  On September 9, 2015, Barrett was served with the arrest warrant for the new charges.  Barrett pled guilty to possession of a controlled substance

1

with the intent to deliver, Idaho Code § 37-2732(a). On January 21, 2016, the district court entered a judgment of conviction and imposed a sentence of ten years with three and one-half years determinate, to run concurrent to his prior sentence. Barrett was given credit for 135 days served in prejudgment incarceration for the period between service of the arrest warrant on September 9, 2015, and judgment on January 21, 2016. The district court denied Barrett's request for credit for the time between service of the Hold Notice Request and the service of the arrest warrant.

Barrett later filed a pro se motion for credit for time served, again arguing that he should be awarded additional time served as he was incarcerated on the possession charge from the date of service of the Hold Notice Request. The district court denied the motion, finding that Barrett was not incarcerated on the instant offense until he was served with the arrest warrant on September 9, 2015. Barrett timely appeals.

## II.

## ANALYSIS

Barrett argues that the district court abused its discretion at sentencing. Barrett further argues that the district court erred in denying him credit for forty-seven days of prejudgment incarceration.

### A. Sentencing

Barrett argues the district court abused its discretion when it imposed an excessive sentence without giving proper consideration or weight to the mitigating factors present in this case. Those factors include Barrett's admission of his addiction problem and desire for treatment, Barrett's diagnosis with depression, Barrett's support from his family in meeting his goal of sobriety, and Barrett's expressed remorse for committing this crime.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence,

rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Applying these standards and having reviewed the record in this case, we cannot say that the district court abused its discretion. The district court emphasized its concern with Barrett's criminal history, including an extensive record of incarcerations, probations violations, and programming opportunities. The district court also expressed concern that in the current case, Barrett intended to sell methamphetamine to support his own habit, which is a public safety issue. The district court further noted that Barrett's "potential for rehabilitation is pretty thin given that we've tried virtually everything that we can." The court's sentence clearly demonstrates its focus on the primary objectives of deterrence and protecting society and is not an abuse of discretion. Accordingly, Barrett's sentence is affirmed.

## B.    Credit for Time Served

Barrett argues that the district court erred in denying him credit for prejudgment incarceration from the date of service of the Hold Notice Request to the date of service of the arrest warrant. We exercise free review when the issue is whether the district court properly applied the law governing credit for time served. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006). We defer to the trial court's findings of fact "unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous." *Id*. Whether the district court properly applied this statutory provision to the facts in this case is a question of law, which we freely review. *State v. Dorr*, 120 Idaho 441, 443-44, 816 P.2d 998, 1000-01 (Ct. App. 1991).

The awarding of credit for time served is governed by I.C. § 18-309. The language of I.C. § 18-309 is mandatory and requires that, in sentencing a criminal defendant or when hearing an Idaho Criminal Rule 35(c) motion for credit for time served, the court give the appropriate credit for prejudgment incarceration. *State v. Moore*, 156 Idaho 17, 20-21, 319 P.3d 501, 504-05 (Ct. App. 2014). This means that the defendant is entitled to credit for all time spent incarcerated

3

before judgment. *Moore*, 156 Idaho at 21, 319 P.3d at 505. The converse is also true--that the defendant is not entitled to credit under I.C. § 18-309 for any time not actually spent incarcerated before judgment. *Id*.; *see also State v. Hernandez*, 120 Idaho 785, 792, 820 P.2d 380, 387 (Ct. App. 1991) (stating that I.C. § 18-309 does not allow the defendant to receive credit for more time than he or she has actually been in confinement). Accordingly, a district court may only give credit for the correct amount of time actually served by the defendant prior to imposition of judgment in the case; the district court does not have discretion to award credit for time served that is either more or less than that. *Moore*, 156 Idaho at 21, 319 P.3d at 505. Thus, the defendant is entitled to credit for time actually served prior to entry of judgment in the case. *Id.*

The Idaho Supreme Court has interpreted I.C. § 18-309 to unambiguously state that credit for time served can accrue on multiple offenses simultaneously. *State v. Owens*, 158 Idaho 1, 4, 343 P.3d 30, 33 (2015). Idaho Code section 18-309 provides in relevant part as follows:

> In computing the term of imprisonment, the person against whom the judgment was entered shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered.

I.C. § 18-309(1). Barrett argues that the phrase "if such incarceration was for the offense or an included offense for which the judgment was entered" applies to his situation because the statute "does not base credit on any factor other than actual incarceration."

The Idaho Supreme Court recently set forth a two-prong test which, if satisfied, mandates credit for time served under I.C. § 18-309. *State v. Brand*, 162 Idaho 189, 192-93, 395 P.3d 809, 812-13 (2017). First, the defendant must have been incarcerated during the intervening period from when the arrest warrant was served and the judgment of conviction was entered. *Id*. Second, putting aside any alternative reason for the defendant's incarceration, the relevant offense must be one that provides a basis for the defendant's incarceration. *Id*. In *Brand*, each defendant had been incarcerated on an unrelated matter. While incarcerated, each defendant was served with an arrest warrant in the instant matter. The Supreme Court determined that even though the defendants had initially been incarcerated on an unrelated matter, after service of the arrest warrant they were entitled to credit for time served in the instant case. Barrett asserts that the *Brand* test's use of the arrest warrant as the initial marker for purposes of credit for time served should be construed to include hold notice requests. Barrett argues that "the logical extension of the analysis in *Brand* provides for awards of credit for time

4

served to a defendant held on other charges in situations like Mr. Barrett's." On the other hand, the State argues that Barrett's incarceration prior to service of the arrest warrant does not meet the first part of the test set forth in *Brand*, which specifically refers to an "arrest warrant," and therefore no credit is due.

Thus, the ultimate issue to be decided is whether the holding in *Brand*, as it applies to I.C. § 18-309, strictly relates to arrest warrants or whether it authorizes credit for time served where the relevant period of presentence incarceration is initiated by means other than an arrest warrant. While the situation in *Brand* pertained to when the arrest warrant was served, the Supreme Court clearly emphasized that I.C. § 18-309 "mandates credit for '*any* period of incarceration' where 'such incarceration was for the offense or an included offense for which the judgment was entered.'" *Brand*, 162 Idaho at 192, 395 P.3d at 812 (quoting I.C. § 18-309). Additionally, "aside from that requirement, the statute 'does not limit that credit in any way.'" *Id*. (quoting *Owens*, 158 Idaho at 4, 343 P.3d at 33). Further, that:

> [S]ection 18-309 applies to all offenses that provide a basis for the defendant's incarceration. It is irrelevant if the defendant's incarceration rests on several, unrelated offenses, as the fact remains that each offense provides a basis for the defendant's incarceration.

*Brand*, 162 Idaho at 192, 395 P.3d at 812.

We agree with Barrett, that if the Hold Notice Request legally and/or actually served to incarcerate him, he is entitled to credit from the time of its service to the date of service of the arrest warrant. While the *Brand* Court specifically referred to service of an arrest warrant, the fact is Brand was served with an arrest warrant. Thus, the *Brand* Court had no occasion to opine whether some other instrumentality which also serves to incarcerate a party should be treated similarly. Applying the analysis in *Brand*, credit for time served should be awarded when the party is legally and/or actually held for a charge, regardless of simultaneous incarceration from an unrelated matter.

The question, then, turns on the effect of the Hold Notice Request. From a legal point of view, certainly an arrest warrant is recognized as having legal significance. I.C.R. 4. The service of an arrest warrant results in incarceration. *Brand*, 162 Idaho at 192, 395 P.3d at 812. On the other hand, we have not been cited to any and have not located any legal authority recognizing a hold or detainer as in this case. In *Covert*, we discussed an agent's warrant being the functional equivalent of a bench warrant in the context of credit for time served as it relates

5

to probation revocation, under I.C. § 19-2603. *Covert*, 143 Idaho at 171, 139 P.3d at 773. In *State v. Kesling*, 155 Idaho 673, 678-79, 315 P.3d 861, 865-66 (Ct. App. 2013), we discussed whether a detainer warrant could be the functional equivalent of a bench warrant in the same context. In *State v. Bitkoff*, 157 Idaho 410, 413, 336 P.3d 817, 820 (Ct. App. 2014), we indicated that a "detainer," as that term is used in the Interstate Agreement on Detainers, I.C. § 19-5001, *et seq.*, is sometimes informally referred to as a "hold." In *Bitkoff*, we indicated that the purpose of such a detainer or hold was to ask the custodial state to notify the initiating state of the prisoner's imminent release, to make the prisoner available, or to hold the prisoner after his release in the custodial state. *Bitkoff*, 157 Idaho at 413, 336 P.3d at 820. While we may surmise that the purpose of the Hold Notice Request at issue here is the same, we know of no case, statute, or rule which places legal significance on it similar to that which attends an arrest warrant. Thus, we cannot say that the Hold Notice Request itself had the legal effect of arresting or incarcerating Barrett.

However, if such a hold or detainer, despite its questionable legal significance, has the actual effect of incarcerating a person, even if otherwise incarcerated, under the *Brand* analysis, credit for time served must be awarded.[1] Barrett was served with and signed the Hold Notice Request which indicated he was wanted for, among other things, possession of a controlled substance with the intent to deliver, the charge for which he was ultimately convicted and sentenced. An official with the Idaho Department of Correction (IDOC) also signed the document. The facsimile from Ada County, transmitting the Hold Notice Request to IDOC, indicated that the document was a "Detainer for Ada Warrant." There is no dispute that Barrett was, at the time of service, held on an unrelated offense. There is also no dispute that Barrett continued to be incarcerated after the Hold Notice Request was served upon him. At sentencing, Barrett argued that although not served with the arrest warrant, at the time of service of the Hold Notice Request, there was actual notice to him that he would be held on that charge from that date. In his pro se motion to the district court and in his brief on appeal, Barrett asserted that upon service of the Hold Notice Request he was incarcerated on the charge at hand. The State does not argue that the Hold Notice Request had no actual effect on Barrett's incarceration,

---

[1] As in *Brand*, we can envision a scenario in which a person in custody is to be released but a request to hold relative to charges in another case is honored by the custodial entity and the person, who would otherwise be released, remains incarcerated. Even if the request is not legally sufficient or authorized, the actual incarceration must be credited.

6

arguing only that it did not render his incarceration for his prior conviction also "for the offense" in this case. The State suggests that the Hold Notice Request is only notice of a future intent to arrest Barrett. If that is so, we question what was the point of the Hold Notice Request-- ostensibly a simple notice of an intent to arrest--when the arrest warrant had been issued on June 8 and the "notice" served on July 24. One might wonder what the point of actual service on and acknowledgement by Barrett was when the document was simply "notice" of some future intent and why the county used the terms "hold" and "detainer." Barrett has made a sufficient showing, not directly controverted, of actual effect of incarceration in this case to be entitled to credit for time served from the service of the Hold Notice Request to the service of the arrest warrant.

### III.

### CONCLUSION

The district court did not abuse its discretion in sentencing Barrett. Accordingly, Barrett's judgment of conviction and sentence is affirmed. The district court's order denying Barrett credit for time served is reversed. We remand the case to the district court for entry of an order to correct credit for time served.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.

7