IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 45598

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Boise, February 2018 Term |
| | ) | |
| v. | ) | 2018 Opinion No. 26 |
| | ) | |
| JASON ROY BARRETT, | ) | Filed: March 26, 2018 |
| | ) | |
| Defendant-Appellant. | ) | Karel A. Lehrman, Clerk |
| _____ | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Honorable Samuel A. Hoagland, District Judge.

The decision of the district court is affirmed.

Eric D. Fredericksen, State Appellate Public Defender, Boise, for appellant. Elizabeth A. Allred argued.

Honorable Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

BRODY, Justice.

We are asked to consider whether Jason Roy Barrett is entitled to credit for time served from the date he was served with a hold notice while he was already incarcerated for a prior, unrelated offense. Barrett appeals from the district court's denial of that request. We affirm the district court's decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 13, 2015, Barrett was arrested by an Ada County sheriff's deputy for a parole violation related to a prior conviction. At the time of his arrest, Barrett was in possession of drugs and drug paraphernalia. Thereafter, on June 8, 2015, while Barrett was incarcerated following the parole violation, the State filed a criminal complaint against Barrett charging him with possession of a controlled substance (methamphetamine) with the intent to deliver, possession of a controlled substance (marijuana), possession of drug paraphernalia, and resisting

1

or obstructing an officer. On the same day, the district court issued an arrest warrant for these offenses after finding probable cause existed.

On July 20, 2015, the Ada County Sheriff's Office sent an email to the Idaho Department of Correction concerning the arrest warrant against Barrett. Attached to the email was a one-page document titled "Hold Notice Request." A few days later an IDOC officer served Barrett with a copy of the Hold Notice Request in prison. Barrett and the IDOC officer signed the document. The officer's signature line showed him as "DOC Official Serving Detainer." On September 9, 2015, Barrett was transported from the penitentiary to the district court for his initial appearance on the new offenses, at which time he was served with the arrest warrant. On October 19, 2015, the State filed an information charging Barrett with a felony and three misdemeanors stemming from the allegations set forth in the complaint.

Barrett later pleaded guilty to the felony charge for possession with intent to deliver; in turn, the State dismissed the misdemeanor charges. On January 21, 2016, the district court imposed a sentence of ten years with three and one-half years determinate, which was to run concurrently with his prior sentence. In consideration of credit for time served, Barrett requested credit starting on July 24, 2015, i.e., the date the Hold Notice Request was served. The district court partially granted this request, awarding him credit starting on September 9, 2015, i.e., the date the arrest warrant was served. This credit amounted to 135 days. Barrett's subsequent motion for reconsideration of the sentence upon leniency grounds was denied.

Thereafter, Barrett appealed his sentence. Prior to the hearing on appeal, Barrett filed a pro se motion seeking reconsideration of the time served ruling, and, specifically, requesting credit for an additional 47 days for the span between July 24, 2015, and September 9, 2015. The district court denied the motion. On appeal, the Court of Appeals considered both the district court's sentence and the issue of credit for time served. *State v. Barrett*, No. 43947, 2017 WL 4800125 (Ct. App. Oct. 25, 2017). In so doing, the court affirmed the sentence, but reversed the district court's denial of the motion, holding that Barrett should be awarded credit for the 47 days. *Id.* The State filed a petition for review, which we granted.

## II.     STANDARD OF REVIEW

"In cases that come before this Court on a petition for review of a Court of Appeals decision, this Court gives serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court." *State v. Garcia-Rodriguez*, 162 Idaho 271, 274, 396

P.3d 700, 703 (2017) (quoting *State v. Oliver*, 144 Idaho 722, 724, 170 P.3d 387, 389 (2007)). "This Court thus acts as if the case were on direct appeal from the district court." *Id.* (quoting *State v. James*, 148 Idaho 574, 576, 225 P.3d 1169, 1171 (2010)).

"The question of whether a sentencing court has properly awarded credit for time served to the facts of a particular case is a question of law, which is subject to free review by the appellate courts." *State v. Taylor*, 160 Idaho 381, 384–85, 373 P.3d 699, 702–03 (2016) (quoting *State v. Vasquez*, 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct. App. 2005)).

### III.     ANALYSIS

Before reaching the issue of credit for time served, we recognize that Barrett's appeal also contests the district court's sentence. Specifically, he argues that his sentence was excessive and that the district court failed to give proper consideration to his admission of a substance abuse problem and desire for treatment. In consideration of this issue, the Court of Appeals affirmed the sentence, holding that the district court properly weighed sentencing factors within its discretion. *Barrett*, 2017 WL 4800125, at *1–2.

The State did not address this issue in its brief supporting its petition for review, nor did Barrett file an independent petition raising this issue. This Court has broad authority to consider issues presented in appeals that have been previously heard by the Court of Appeals:

> If we decide to review a decision of the Court of Appeals, we ordinarily consider all the issues presented to the Court of Appeals. Occasionally, we may decide to address less than all of the issues presented to the Court of Appeals. In that case, we advise the parties of the issues we will address. . . .
>
> We do find in some cases that after considering the decision of the trial court following the oral argument before this Court, the opinion of the Court of Appeals is appropriate to state our views, in whole or in part. *E.g.*, *Burrup v. Stanger*, 115 Idaho 114, 765 P.2d 139 (1988). In many cases, however, we find it more appropriate to write our own opinion.

*Sato v. Schossberger*, 117 Idaho 771, 774–75, 792 P.2d 336, 339–40 (1990).

In this case, we find that the opinion of the Court of Appeals appropriately states our views as to the district court's sentence and, therefore, should be preserved regarding that issue.

Turning to the issue of credit for time served, this appeal centers on whether the Hold Notice Request provided a basis for Barrett's incarceration such that he was entitled to credit under Idaho Code section 18-309. The statute reads in relevant part as follows:

> In computing the term of imprisonment, the person against whom the judgment was entered shall receive credit in the judgment for any period of incarceration

prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered.

I.C. § 18-309(1).

Resolution of this appeal requires consideration of the two-prong test regarding credit for time served set forth in *State v. Brand*, 162 Idaho 189, 395 P.3d 191 (2017). The Court's decision in *Brand* relied on our holding in the earlier case of *State v. Owens*, 158 Idaho 1, 343 P.3d 30 (2015). In *Owens*, the defendant was convicted of eight offenses, but only received credit for time served on one of the offenses. 158 Idaho at 4, 343 P.3d at 33. The Court looked to section 18-309, and explained that its plain language entitled the defendant to credit for each offense that resulted in a conviction (i.e., the other seven offenses). *Id.*

Two years later, in *Brand*, we again analyzed the text of section 18-309—specifically, "if such incarceration was for the offense or an included offense for which the judgment was entered"—in order to determine "whether this statutory language authorizes credit for time served where the relevant period of presentence incarceration is both initiated and maintained due to a prior, unrelated offense." 162 Idaho at 191, 395 P.3d at 811 (citing I.C. § 18-309(1)). *Brand* involved two defendants who did not receive certain credit for time served because they had already been incarcerated for prior, unrelated offenses at the time they were served with an arrest warrant for new charges. *Id.* at 190–91, 395 P.3d at 810–11. The Court held that section 18-309 does not limit credit for time served in situations where the defendant is jailed for a prior, unrelated offense, but instead "applies to all offenses that provide a basis for the defendant's incarceration. It is irrelevant if the defendant's incarceration rests on several, unrelated offenses, as the fact remains that each offense provides a basis for the defendant's incarceration." *Id.* at 192, 395 P.3d at 812. With this holding, the Court enunciated a two-part test to determine whether a defendant is entitled to credit in situations of this kind:

> [F]irst, the defendant must have been incarcerated during the intervening period from when the arrest warrant was served and the judgment of conviction was entered; and second, putting aside any alternative reason for the defendant's incarceration, the relevant offense must be one that provides a basis for the defendant's incarceration.

*Id.* at 192–93, 395 P.3d at 812–13.

Given *Brand*, the question in this case is whether the Hold Notice Request can take the place of "arrest warrant" under the two-part test such that it provided a basis for Barrett's incarceration.

4

Barrett claims that to be the case, arguing that although he was incarcerated on a prior, unrelated offense, he also became incarcerated for the new offenses after he received the Hold Notice Request. He contends that the language of section 18-309 does not tether entitlement to credit for time served solely to the service of an arrest warrant. The State disagrees, contending that, under *Brand*, Barrett's incarceration from the new offenses did not commence until he was served with the arrest warrant at his initial appearance hearing on September 9, 2015.

Resolving this issue first requires review of the Hold Notice Request. The record shows that the document was attached to an email from the Ada County Sheriff's Office to an IDOC representative. The email had a subject line which read: "Barrett, Jason Roy Detainer for Ada Warrant please and thanks." There was no text in the body of the email. The document attached to the email included Barrett's name and IDOC number, as well as a listing of the new offenses for which he was wanted. The document showed February 7, 2018, as the date of "institution discharge," which was "subject to change pending parole hearing." Finally, the document was signed by Barrett and the IDOC officer who served the "detainer." The Hold Notice Request did not cite any court rule or statute or case law.

On its face, the Hold Notice Request appears consistent with definitions of a "detainer" and "hold order," each of which can carry a possible legal effect. *Detainer*, Black's Law Dictionary 543 (10th ed. 2014) ("A request sent by a criminal-justice agency to a prison, jail, or asylum requesting either that a certain inmate be held for the agency or that the agency be notified a reasonable time before the inmate is released."); *Hold Order*, Black's Law Dictionary 849 (10th ed. 2014) ("A notation in a prisoner's file stating that another jurisdiction has charges pending against the prisoner and instructing prison officials to alert authorities in that other jurisdiction instead of releasing the prisoner."). Yet, these definitions alone do not provide the requisite legal authority for the Hold Notice Request to be used to incarcerate Barrett.

Idaho Criminal Rule 4 outlines the scope of arrest warrants, but does not support the assertion that the Hold Notice Request served on Barrett (or detainers and hold orders generally) constitutes a functional equivalent. I.C.R. 4. Detainers are found in the Idaho Code as part of the Interstate Agreement on Detainers ("IAD"), I.C. § 19-5001, *et seq.*; however, the IAD has no application to the case at hand. In short, the IAD is designed to enable interstate cooperation where one state ("the receiving state") communicates to another state where an individual is in custody ("the sending state), requesting for the sending state to notify the receiving state of the

imminent release of the inmate, to make the inmate available to the receiving state, or to hold the inmate upon his release for the receiving state. *See State v. Bitkoff*, 157 Idaho 410, 413–14, 336 P.3d 817, 820–21 (Ct. App. 2014). Idaho's adoption of the IAD recognizes its intention to preserve inmates' rights to a speedy trial and dispose of charges in an orderly and expeditious manner. I.C. § 19-5001(a). While the purposes for the Hold Notice Request proffered by the State are consistent with those underlying the IAD, the communication occurred between two law enforcement agencies of the State and, therefore, this case does not fall within the ambit of the IAD.

The Court of Appeals has addressed a defendant's argument as to a "detainer warrant" within the context of Idaho Code section 19-2603, which provides that credit for time served after probation violations accrues from the date of service of a bench warrant; yet, neither that decision nor any other Idaho case law supports Barrett's argument here. *See State v. Kesling*, 155 Idaho 673, 678, 315 P.3d 861, 865 (Ct. App. 2013) (rejecting an argument that an out-of-state inmate was held on a "detainer warrant" equivalent to a bench warrant); *see also Bitkoff*, 157 Idaho at 413–14, 336 P.3d at 820–21 (explaining that an arrest warrant sent to another state could serve as a detainer, but that the warrant would still need to be served with the warrant for credit for time served to accrue); *State v. Covert*, 143 Idaho 169, 170–71, 139 P.3d 771, 772–73 (Ct. App. 2006) (holding that an agent's warrant, as described under section 20-227, is equivalent to a bench warrant for purposes of section 19-2603).

In sum, absent authority establishing that the Hold Notice Request was a legal basis of incarceration or evidence showing that Barrett was actually held pursuant to the Hold Notice Request even without proper authority, its service on Barrett did not implicate section 18-309 and Barrett is not entitled to the credit for time served he seeks.

## IV. CONCLUSION

We affirm the district court's order denying Barrett's motion for credit for time served.


Justice BEVAN and Justices Pro Tem MELANSON and PETTY CONCUR.


BURDICK, C.J., concurring in part and dissenting in part.

I join in the Court's conclusion that the district court's sentencing of Barrett be affirmed. However, I respectfully dissent from the Court's determination that Barrett is not entitled to

6

credit for time served starting from the date he was served with the Hold Notice Request. As discussed below, I agree fully with the Idaho Court of Appeals decision on this matter. Accordingly, I would reverse the district court's order denying credit for time served and instead hold that credit for time served started the day Barrett was served with the Hold Notice Request.

The majority contends Idaho Code section 18-309 is not implicated because the Hold Notice Request did not function to legally or actually incarcerate Barrett. Thus, the majority contends, Barrett is not entitled to credit for time served for the forty-seven days he was incarcerated between the service of the Hold Notice Request and service of the arrest warrant. I disagree. As an initial matter, the majority's approach contravenes the plain language of Section 18-309, as well as our recent decision in *State v. Brand*, 162 Idaho 189, 192–93, 395 P.3d 809, 812–13 (2017). Section 18-309 unambiguously states that: "[i]n computing the term of imprisonment, the person against whom the judgment was entered shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered." As we recently stated, "[t]he statute *mandates* credit for 'any period of incarceration' where 'such incarceration was for the offense or an included offense for which the judgment was entered.'" *Brand*, 162 Idaho at 192, 395 P.3d at 812 (emphasis added). Put another way, "Idaho Code section 18-309's language plainly gives credit for prejudgment time in custody against each count's sentence. The statute does not limit that credit in any way." *State v. Owens*, 158 Idaho 1, 4, 343 P.3d 30, 33 (2015).

If it is true that the Hold Notice Request had no effect on Barrett's incarceration, what was the purpose of serving Barrett with the Hold Notice Request? The record shows that while Barrett was incarcerated for the prior offense, the State obtained an arrest warrant for the new charges on June 8, 2015. The warrant was delivered to the Ada County Sherriff on June 9, 2015. Three months later, on September 9, 2015, the arrest warrant was finally served on Barrett, on the same day as his initial appearance. It was during the three month gap from obtaining the warrant to later serving the warrant that the Hold Notice Request was served on and signed by Barrett. This is evidence that this non-judicial document—the Hold Notice Request—was being used in the stead of an arrest warrant. As the Court of Appeals correctly stated,

> [t]he State suggests that the Hold Notice Request is only notice of a future intent to arrest Barrett. If that is so, we question what was the point of the Hold Notice Request—ostensibly a simple notice of an intent to arrest—when the arrest warrant had been issued on June 8 and the "notice" served on July 24. One might

7

> wonder what the point of actual service on and acknowledgement by Barrett was when the document was simply "notice" of some future intent and why the county used the terms "hold" and "detainer." Barrett has made a sufficient showing, not directly controverted, of actual effect of incarceration in this case to be entitled to credit for time served from the service of the Hold Notice Request to the service of the arrest warrant.

*State v. Barrett*, No. 43947, 2017 WL 4800125, at *3 (Idaho Ct. App. Oct. 25, 2017).

Allowing the State to issue a "hold" on an incarcerated defendant, such as Barrett, with a Hold Notice Request provides a work-around to the arrest warrant process, and provides a mechanism to undermine the judicial process required to obtain an arrest warrant. This process, which allows the State to detain a defendant with a Hold Notice Request, as opposed to an arrest warrant, functions to deprive the defendant of credit for time served. This approach contravenes the mandate stated in 18-309 and our prior case law in *Owens*, 158 Idaho at 4, 343 P.3d at 33, and *Brand*, 162 Idaho at 192, 395 P.3d at 812. Though *Brand* involved the issuance of an arrest warrant as opposed to some other document used to incarcerate a defendant, *Brand* made clear that "section 18-309 entitles [a defendant] to credit for time served 'as long as [their] prejudgment jail time was for 'the offense' [they were] convicted of and sentenced for[.]'" *Brand*, 162 Idaho at 192, 395 P.3d at 812 (quoting *Owens*, 158 Idaho at 4, 343 P.3d at 33). "Aside from that requirement, the statute 'does not limit that credit in any way.'" *Id.* Thus, although the *Brand* Court did not consider whether other instruments that serve to incarcerate a defendant should be treated the same as an arrest warrant, its analysis makes clear the Court was concerned that credit should be given for time served when a defendant is held for the crime judgment is ultimately entered on. In addition, this raises the issue as to whether or not compliance with Idaho Criminal Rule 5 is implicated, when the defendant is not taken for an initial appearance with twenty-four hours of being served with a Hold Notice Request.

Moreover, the use of the Hold Notice Request to deprive a defendant of credit for time served fails to abide by the spirit of Section 18-309. The approach condoned by the majority would allow the State to systemically deprive defendants of credit for time served when incarcerated for multiple offenses—the exact issue this Court sought to remedy through our holdings in *Owens* and *Brand*. Under the majority's approach, the State is allowed to serve a Hold Notice Request on an incarcerated defendant, subsequently wait for the defendant's initial appearance on the new charges—in this case, a time period of forty-seven days—and then serve the arrest warrant. This process functions to deprive the defendant of credit for time served from

the date the Hold Notice Request is issued until the date of the initial appearance. I believe Section 18-309, *Owens*, and *Brand* foreclose any argument this procedure should be allowed.

Accordingly, I agree fully with the Court of Appeals that "Barrett has made a sufficient showing, not directly controverted, of actual effect of incarceration in this case to be entitled to credit for time served from the service of the Hold Notice Request to the service of the arrest warrant." *Barrett*, 2017 WL 4800125, at *3. Therefore, I would reverse the district court's order denying Barrett credit for time served.