**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 50480-50481**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 16, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MICHAEL ANTHONY JOHNSTON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Roger B. Harris, District Judge.

Orders denying Idaho Criminal Rule 35(c) motion for credit for time served, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Michael Anthony Johnston appeals from the district court's orders denying his Idaho Criminal Rule 35(c) motion for credit for time served in each of two consolidated cases. Johnston contends he should have received 511 days credit for time served even though that includes time he was incarcerated on an unrelated charge and before he was served with any active warrant. For the following reasons, we affirm the district court's orders denying the Rule 35(c) motions for credit for time served.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In each case, on February 14, 2020, the State filed a criminal complaint against Johnston and requested an arrest warrant; in each case the complaint was amended, and an information and an amended information was filed. Johnston entered into a global plea agreement with the State

1

wherein he agreed to plead guilty to certain charges and the State agreed to dismiss other charges. In Docket No. 50480, Johnston pleaded guilty to grand theft, Idaho Code §§ 18-2403(3), -2407(1), -2409, and criminal possession of a financial transaction card, I.C. §§ 18-2403(2)(a), -2407(1), -2409. In Docket No. 50481, Johnston pleaded guilty to burglary and/or aid and abet burglary, I.C. § 18-1401, and grand theft, I.C. §§ 18-2403(1); -2407(1), - 2408.

According to the register of actions, an arrest warrant was issued on February 14, 2020, in each case. At the time the warrants were issued, Johnston was in the custody of the Idaho Department of Correction and, according to Johnston, because of that, he could neither turn himself in nor get the warrants served on him. On February 23, 2021, Johnston filed a pro se motion to quash his arrest warrants and proceed with disposition in each case. The same day, the district court denied the motions to quash because the warrants were for new charges, not a failure to appear, and would therefore remain active until served. The court appointed counsel to represent Johnston and arrange for service of the warrants in the event Johnston wanted the case to proceed. In Docket No. 50480, Johnston's counsel filed a motion for arraignment, noting that Johnston was currently and had been, in IDOC custody on unrelated charges since the arrest warrant was issued and that the district court had ordered that Johnston be transported, but that had not happened. Johnston was eventually transported to Twin Falls, and on May 18, 2022, Johnston was arraigned on the charges in both cases and was served with the warrants.

On July 18, 2022, a joint sentencing hearing was held and the district court sentenced Johnston to a unified term of ten years, with four years determinate, for grand theft; five years, with four years determinate, for criminal possession of a financial transaction card; ten years, with four years determinate, for burglary; and ten years, with four years determinate, for grand theft. All sentences were ordered to be served concurrently. The district court granted credit for time served in each case as follows: "The Defendant is given credit for time served on this case to date of this judgment (I.C. § 18-309)."[1]

In each case, Johnston filed an Idaho Criminal Rule 35(c) motion requesting the district court recalculate the credit for time served. Johnston then filed amended Rule 35(c) motions requesting credit for 511 days; from February 23, 2021, when he filed the motions to quash the arrest warrants to July 18, 2022, when he was sentenced. At a hearing on Johnston's motions, the

---

[1]     According to the district court, that time was 52 days.

district court denied the motions holding that under I.C. § 18-309, it lacked authority to give credit for any days Johnston was incarcerated prior to the warrants being served and, thus, the credit for time served was correctly calculated. Johnston timely appeals.

## II.

## STANDARD OF REVIEW

The question of whether a sentencing court has properly awarded credit for time served to the facts of a particular case is a question of law which is subject to free review by the appellate courts. *State v. Taylor*, 160 Idaho 381, 384-85, 373 P.3d 699, 702-03 (2016). We defer to the trial court's findings of fact unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006).

## III.

## ANALYSIS

Johnston argues the district court erred by denying his Rule 35(c) motions to grant him credit for time served. Johnston acknowledges that I.C. § 18-309 requires credit for time served to begin accruing when an arrest warrant is served, but he argues that because law enforcement did not serve the warrants when it could, he should receive credit from the date he filed the motion to quash. Johnston contends the spirit of I.C. § 18-309 authorizes the court to grant credit for time served because his motion to quash should be considered comparable to serving the warrant. Johnston relies on the dissenting opinion in *State v. Barrett*, 163 Idaho 449, 414 P.3d 1188 (2018) in support of his arguments. The State contends the statute is clear that credit for time served does not begin to accrue until the relevant warrant is served. The State also argues the motion to quash should not be considered legally sufficient to begin accruing credit for time served.

Granting credit for time served is governed by I.C. § 18-309, which states in relevant part, "[i]n computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of incarceration prior to the entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered." Thus, a defendant is entitled to credit for all time spent incarcerated before judgment. *State v. Moore*, 156 Idaho 17, 21, 319 P.3d 501, 505 (Ct. App. 2014). The converse is also true-- that the defendant is not entitled to credit under I.C. § 18-309 for any time not actually spent incarcerated before judgment. *Id.*; *see also State v. Hernandez*, 120 Idaho 785, 792, 820 P.2d 380,

3

387 (Ct. App. 1991) (stating that I.C. § 18-309 does not allow defendant to receive credit for more time than he or she has actually been in confinement). Accordingly, a district court may only give credit for the amount of time actually served by the defendant prior to imposition of judgment in the case; the district court does not have discretion to award credit for time served that is either more or less than that. *Moore*, 156 Idaho at 21, 319 P.3d at 505.

The Idaho Supreme Court established a two-prong test for the calculation of credit for time served in *State v. Brand*, 162 Idaho 189, 395 P.3d 809 (2017), pursuant to I.C. § 18-309:

> [F]irst, the defendant must have been incarcerated during the intervening period from when the arrest warrant was served and the judgment of conviction was entered; and second, putting aside any alternative reason for the defendant's incarceration, the relevant offense must be one that provides a basis for the defendant's incarceration.

*Brand*, 162 Idaho at 192-93, 395 P.3d 3812-14. Johnston acknowledges that credit for time served begins accruing on the date the warrant is served. Nonetheless, on appeal, Johnston argues his motions to quash should be considered either the functional equivalent of service of the warrant or a Hold Notice Request as discussed in the dissenting opinion in *Barrett*. Barrett was arrested for a parole violation on a prior conviction and at the time of his arrest he was in possession of drugs and drug paraphernalia. *Barrett*, 163 Idaho at 450, 414 P.3d 1189. While he was incarcerated, the State charged him with possession of a controlled substance with intent to deliver, possession of a controlled substance, possession of drug paraphernalia, and resisting or obstructing an officer. *Id.* An arrest warrant was issued the same day. *Id.* The sheriff's office sent an email to the Idaho Department of Correction regarding the arrest warrant and attached a Hold Notice Request. *Id.* at 450-51, 414 P.3d at 1189-90. Barrett was served the arrest warrant forty-seven days later at his initial appearance. *Id.* at 451, 414 P.3d at 1190. The practical effect of the Hold Notice Request was to delay service of the arrest warrants, limiting Barrett's ability to include the forty-seven days he was incarcerated before the service of the warrants as time served. *Id.* The Supreme Court held there was nothing in the record that established the Hold Notice Request was a legal basis of incarceration or that Barrett was held in custody pursuant to the Hold Notice Request. *Id.* at 453, 414 P.3d at 1192. As a result, the Hold Notice Request did not implicate I.C. § 18-309 and Barrett was not entitled to credit for the time he sought. *Id.* at 453-54, 414 P.3d at 1192-93.

The *Barrett* dissent disagreed that the Hold Notice Request, a non-judicial document, did not function to legally or actually incarcerate Barrett. *Id.* at 454, 414 P.3d 1193 (Burdick, C.J., concurring in part, dissenting in part). The *Barrett* dissent concluded that the Hold Notice Request

4

was a "work-around" to a warrant which functioned to legally incarcerate a defendant while simultaneously depriving the defendant of credit for time served, which undermined the judicial process. *Id.* at 454-55, 414 P.3d 1193-94.

Johnston recognizes the non-binding effect of the dissenting opinion but argues the analysis is well-reasoned and should be considered in relation to his situation. *Barrett* is inapposite in this case, not least because Johnston's case does not include any type of hold notice as in *Barrett*. Not only was there no type of hold document, but Johnston's motions to quash the warrants are not substantially similar to a non-judicial document holding a defendant in custody. As the Supreme Court explained in *Barrett*, Johnston must provide some evidence demonstrating the denials of his motions to quash were the legal basis for incarceration, and this he does not and cannot show as he was incarcerated on unrelated charges at the time. Unlike the Hold Notice Request at issue in *Barrett*, Johnston's motions to quash (or the denial thereof) did not provide any basis upon which to hold Johnston in custody.

As noted by the district court, just shortly after Johnston filed his motions to quash, he was transferred to the Ada County Jail[2] and he could have refiled the motions and/or had the warrants served on him there. Moreover, in Docket No. 50480, the district court appointed the public defender to "represent the Defendant and arrange for service of the warrant and transport of the Defendant, if Defendant wants to have the case proceed immediately." Counsel arranged for both transport and service of the warrants.[3]

Because the motions to quash (or the denial thereof) provided no basis on which to hold Johnston in custody, it is not the functional equivalent of either a Hold Notice Request or service of a warrant, and Johnston is not entitled to credit for time served for any time before the date the warrants were served.

---

[2]   Johnston's motions to quash were filed February 23, 2021, and he was transferred to Ada County Jail on April 1, 2021.

[3]   The record indicates there were approximately fifteen months between the district court's first order to transport Johnston, which did not occur, and the date Johnston appeared in Twin Falls. The record is not clear regarding the reason for the delay.

## IV.
## CONCLUSION

The district court correctly applied I.C. § 18-309 in determining Johnston's credit for time served. We affirm the orders of the district court denying Johnston's Rule 35(c) motions for credit for time served.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.