**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50637**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: June 4, 2024** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| DON R. DAVIS, JR., | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Shoshone County. Hon. Barbara Duggan, District Judge.

Order denying credit for time served, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Don R. Davis, Jr. appeals from the district court's order denying his motion for credit for time served. Davis argues he was entitled to credit for time served while incarcerated in a Washington State corrections facility. Because Davis was never served with the warrant for which he seeks credit for time served, Davis was not entitled to credit for that time. The district court's order is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Davis was charged with several offenses in Idaho; he failed to appear for his preliminary hearing, apparently because he was in custody in another county, and a bench warrant[1] was issued.

_____

[1]    There was also an arrest warrant in this case for which Davis received two days of credit for the time he was in custody. Davis does not challenge the two days credited for time served as a result of the arrest warrant.

1

The bench warrant was subsequently sent to a Washington State corrections facility on May 3, 2022, where Davis was incarcerated. Despite his out-of-state incarceration, Davis, pursuant to a plea agreement, appeared via Zoom in the Idaho case and pleaded guilty to two counts of felony possession of a controlled substance with the intent to deliver, Idaho Code § 37-2732(a)(1)(A), (B), misdemeanor possession of a controlled substance, I.C. § 37-2732(c)(3), and misdemeanor possession of drug paraphernalia, I.C. § 37-2734A(1). He was later sentenced to concurrent sentences of five years, with two years determinate, for the felony charges, and 329 days for the misdemeanor charges. The district court awarded Davis 329 days credit for time served, beginning on December 30, 2021, the date the arrest warrant was issued.

Davis filed an Idaho Criminal Rule 35 motion seeking modification of his award of credit for time served. Following a hearing, the district court reduced the determinate portion of Davis's felony sentences to one and one-half years, but reduced the credit for time served to two days because that was the credit for time he was in custody pursuant to the arrest warrant. The court held there was no evidence that Davis was ever served with the FTA warrant issued December 28, 2021. Instead, the district court determined that Davis was in custody for this case from November 29, 2021, to November 30, 2021.

Davis then filed a motion for credit for time served, seeking credit for time served since May 3, 2022, the date the bench warrant was received by the Washington State correctional facility. In support of his motion, Davis attached a copy of the December 28, 2021, bench warrant, which did not show a return of service for the warrant but indicated that the Washington State correctional facility received the warrant on May 3, 2022. Additionally, Davis submitted a certification of incarceration status showing he had been in custody at the Washington State corrections facility since April 14, 2022, and that his tentative release date was July 1, 2023. The district court denied the motion, finding that the attachments from the Washington State correctional facility did not show Davis was served with the December 28, 2021, bench warrant. Davis timely appealed.

## II.

## STANDARD OF REVIEW

The question of whether a sentencing court has properly awarded credit for time served to the facts of a particular case is a question of law which is subject to free review by the appellate courts. *State v. Barett*, 163 Idaho 449, 451, 414 P.3d 1188, 1190 (2018).

2

## III.

## ANALYSIS

Mindful of the language of I.C. § 18-309, Davis argues the district court erred by failing to grant him credit for time served beginning May 3, 2022, as that was the date the Washington State correctional facility received the warrant. The State responds that the district court correctly concluded Davis failed to show he was entitled to credit for time served because Davis was never served with the bench warrant.

Granting credit for time served is governed by I.C. § 18-309, which states in relevant part, "[i]n computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of incarceration prior to the entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered." Thus, a defendant is entitled to credit for all time spent incarcerated before judgment. *State v. Moore*, 156 Idaho 17, 21, 319 P.3d 501, 505 (Ct. App. 2014). The converse is also true-- that the defendant is not entitled to credit under I.C. § 18-309 for any time not actually spent incarcerated before judgment. *Id.*; *see also State v. Hernandez*, 120 Idaho 785, 792, 820 P.2d 380, 387 (Ct. App. 1991) (stating that I.C. § 18-309 does not allow defendant to receive credit for more time than he or she has actually been in confinement). Accordingly, a district court may only give credit for the correct amount of time actually served by the defendant prior to imposition of judgment in the case; the district court does not have discretion to award credit for time served that is either more or less than that. *Moore*, 156 Idaho at 21, 319 P.3d at 505.

The Idaho Supreme Court established a two-prong test for the calculation of credit for time served in *State v. Brand*, 162 Idaho 189, 395 P.3d 809 (2017), pursuant to I.C. § 18-309:

> [F]irst, the defendant must have been incarcerated during the intervening period from when the arrest warrant was served and the judgment of conviction was entered; and second, putting aside any alternative reason for the defendant's incarceration, the relevant offense must be one that provides a basis for the defendant's incarceration.

*Brand*, 162 Idaho at 192-93, 395 P.3d 812-13. Davis acknowledges that credit for time served begins accruing on the date the warrant is served. Nonetheless, on appeal, Davis argues the receipt of the warrant by the Washington State correctional facility should be considered either the functional equivalent of service of the warrant or a Hold Notice Request as discussed in the concurring and dissenting opinion in *State v. Barrett*, 163 Idaho 449, 414 P.3d 1188 (2018).

3

Davis asserts that when the Washington State correctional facility received the warrant, that receipt was substantially similar in its effect to the Hold Notice Request the Idaho Supreme Court discussed in *Barrett*. Barrett was arrested for a parole violation on a prior conviction, and at the time of his arrest, he was in possession of drugs and drug paraphernalia. *Id.* at 450, 414 P.3d 1189. While he was incarcerated, the State charged him with possession of a controlled substance with intent to deliver, possession of a controlled substance, possession of drug paraphernalia, and resisting or obstructing an officer. *Id.* An arrest warrant was issued the same day. *Id.* The sheriff's office sent an email to the Idaho Department of Correction regarding the arrest warrant and attached a Hold Notice Request. *Id.* at 450-51, 414 P.3d at 1189-90. Barrett was served the arrest warrant forty-seven days later at his initial appearance. *Id.* at 451, 414 P.3d at 1190. The practical effect of the Hold Notice Request was to delay service of the arrest warrants, limiting Barrett's ability to include the forty-seven days he was incarcerated before the service of the warrants as time served. *Id.* The Supreme Court held there was nothing in the record that established the Hold Notice Request was a legal basis of incarceration or that Barrett was in custody pursuant to the Hold Notice Request. *Id.* at 453, 414 P.3d at 1192. As a result, the Hold Notice Request did not implicate I.C. § 18-309 and Barrett was not entitled to credit for the time he sought. *Id.* at 453-54, 414 P.3d at 1192-93.

The *Barrett* dissent disagreed that the Hold Notice Request, a non-judicial document, did not function to legally or actually incarcerate Barrett. *Id.* at 454, 414 P.3d 1193 (Burdick, C.J., concurring in part, dissenting in part). The *Barrett* dissent concluded that the Hold Notice Request was a "work-around" to a warrant which functioned to legally incarcerate a defendant while simultaneously depriving the defendant of credit for time served, which undermined the judicial process. *Id.* at 454-55, 414 P.3d 1193-94.

Davis recognizes the non-binding effect of the concurring and dissenting opinion, but argues the dissent's concerns regarding process have "come to pass in this case." We find *Barrett* inapposite in this case because, as the Supreme Court explained in *Barrett*, Davis provides no evidence that the correctional facility's receipt of the bench warrant was the legal basis for Davis's incarceration. Instead, the record shows that, at the time the bench warrant was sent to the correctional facility, Davis was in custody on an unrelated charge. Accordingly, Davis has failed to show the district court erred by denying his motion for credit for time served.

## IV.

## CONCLUSION

The district court did not error in denying Davis's motion for credit for time served because Davis was never served with the warrant while incarcerated in the Washington State correctional facility.  Therefore, the district court's order denying Davis's motion for credit for time served is affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.